BENJAMIN B. WAGNER
United States Attorney
DEANNA L. MARTINEZ
Assistant United States Attorney
United States Courthouse
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 1:09-CV-01711-AWI-GSA |
| Plaintiff, | **FINAL JUDGMENT OF FORFEITURE** |
| v. | |
| APPROXIMATELY $8,772.00 IN U.S. CURRENCY, | |
| Defendant. | |

Pursuant to the Stipulation for Final Judgment of Forfeiture filed herein, the Court finds:

1. This is a civil forfeiture action against defendant approximately $8,772.00 in U.S. Currency (hereafter "defendant currency").

2. A Verified Complaint for Forfeiture *In Rem* was filed on September 28, 2009, seeking the forfeiture of the defendant currency, alleging said currency is subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(6) because the defendant currency constitutes moneys or other things of value furnished or intended to be furnished in exchange for a controlled substance or listed chemical, all proceeds traceable to such an exchange and/or was used or intended to be used to facilitate one or more violations of 21 U.S.C. § 841 *et seq*.

3. On October 6, 2009, in accordance with said Complaint, a Warrant for Arrest of Articles *In Rem* for the defendant currency was issued and duly executed on October 13, 2009.

///

4. Public notice of the forfeiture action was published on the official internet government forfeiture site www.forfeiture.gov for at least 30 consecutive days beginning October 8, 2009, as required by Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The Declaration of Publication was filed with the Court on November 12, 2009.

5. In addition to the publication of the forfeiture action, actual notice was personally served upon Potential Claimant Robert Tupac and Tierney Tupac. To date, no other parties have filed claims or answers in this matter, and the time for which any other person or entity may file a claim and answer has expired.

6. The Clerk of the Court entered a Clerk's Certificate of Entry of Default against Tierney Tupac on March 29, 2010. Pursuant to Local Rule 540, the United States and Potential Claimant Robert Tupac thus join in a request that as part of this Final Judgment of Forfeiture in this case the Court enter a default judgment against the interests if any, of Tierney Tupac.

7. Potential Claimant Robert Tupac represents and warrants that he is the sole owner of the defendant currency.

Based on the above findings, and the files and records of the Court, it is hereby

ORDERED AND ADJUDGED:

1. The Court adopts the Stipulation for Final Judgment of Forfeiture entered into by and between the parties to this action.

2. Judgment is hereby entered against Robert Tupac, Tierney Tupac, and all other potential claimants who have not filed claims in this action.

3. Upon entry of a Final Judgment of Forfeiture, $4,386.00 of the defendant approximately $8,772.00 in U.S. Currency, together with any interest that may have accrued on the full amount of the defendant approximately $8,772.00, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

///
///
///

4.   Within 45 days of entry of a Final Judgment of Forfeiture, $4,386.00 of the defendant approximately $8,772.00 in U.S. Currency shall be returned to Potential Claimant Robert Tupac through his attorney Matthew D. Umhofer at 300 South Grand Avenue, Suite 3400, Los Angeles, CA 90071.

5.   Plaintiff United States of America and its servants, agents, and employees, and all other public entities, their servants, agents, and employees, are released from any and all liability arising out of or in any way connected with the arrest, seizure, or forfeiture of the defendant currency. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said arrest, seizure, or forfeiture, as well as to those now known or disclosed. The parties waive the provisions of California Civil Code § 1542.

6.   There was reasonable cause for the seizure and arrest of the defendant currency, and the Court may enter a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465.

7.   All parties shall bear their own costs and attorneys' fees.

CERTIFICATE OF REASONABLE CAUSE

Based upon the allegations set forth in the Complaint for Forfeiture *In Rem* filed September 28, 2009, and the Stipulation for Final Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure and arrest of the defendant currency.

IT IS SO ORDERED.

**Dated:   May 17, 2010**                    **/s/ Anthony W. Ishii**
                                        CHIEF UNITED STATES DISTRICT JUDGE